IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ACTION MARINE, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 01-D-994-E |
| | ) | [W/O] |
| CONTINENTAL CARBON INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

On 4 April 2005, the plaintiffs filed their First Motion to Compel Post Trial Discovery (Doc. # 273). The defendants responded, and the court heard oral arguments on the motion on 22 April 2005. The court has considered the parties' submissions and counsel's representations, and for the reasons stated herein, the motion is GRANTED in part and DENIED in part.

**I.  DISCUSSION**

In its Memorandum Opinion and Order (Doc. # 239), the court specifically limited post trial discovery to information related to the injunctive relief sought by the plaintiffs.

> Although Plaintiffs have proposed certain injunctive relief, the Court finds that Plaintiffs have not offered sufficient factual support for the proposition that the injunctive relief proposed is narrowly tailored to remedy the specific legal violations adjudged, namely the deposition of carbon black on Plaintiffs' property to the point that it constitutes a nuisance or trespass. This Court is mindful that any injunction in this case should be

> carefully crafted to restrain no more than what is reasonably required to accomplish its ends. That means that it must be tailored to end the deposition of carbon black on Plaintiffs' properties at a level that constitutes a trespass or nuisance.
>
> In view of the foregoing, the Court finds it necessary to reopen discovery and expert identification in the case *on the limited issues relating to the crafting of a permanent injunction which is adequately tailored to the legal violations adjudged in this case*.

(Doc. # 239, p. 2).

The plaintiffs then propounded virtually - though not precisely - identical interrogatories and requests for the production of documents on defendants China Synthetic Rubber Corporation ["China Synthetic"] and Continental Carbon Company, Inc. ["Continental Carbon"]. They also sought to depose the following individuals: Howard Heckethorn, David Pacobit, Todd Miller, N.L. Lee and Dr. Peter P.K. Wu.

The defendants responded by simply objecting to each interrogatory and production request on grounds, generally, that the discovery sought exceeded the scope of the court's earlier order (Doc. # 239). Further, although the defendants were cooperative in allowing the depositions of Heckethorn, Pacobit and Miller, they objected to plaintiffs' efforts to depose Wu, the CEO of Continental Carbon during the relevant time period, and Lee, the defendants' Phenix City plant manager. Although their written response to the motion did not specifically address the depositions, the defendants raised oral objections on grounds similar to those asserted *vis* the written requests as well as convenience of the prospective deponents.

The court agrees with the defendants that many, though not all, of the discovery

requests exceed the scope of discovery previously outlined by the court. The court does not agree with the defendants' objections regarding the Wu and Lee depositions.

## II.   CONCLUSION

For the reasons stated herein, and stated in open court on the day of the oral arguments, it is hereby ORDERED as follows:

1. The motion is GRANTED with respect to the following requests propounded on China Synthetic: 10, 11, 12, 16-21,[1] 22, 23, 26, 27, 33, 35 and 36. The defendants shall respond on or before 23 May 2005.

2. The motion is GRANTED with respect to the following requests propounded on Continental Carbon: 10, 11, 12, 16-21, [2] 22, 23, 26, 27 and 33. The defendants shall respond on or before 23 May 2005.

3. The motion is DENIED with respect to the following numbered requests propounded on China Synthetic: 1-9, 13, 14, 24, 25, 28-32, 34 and 37.

4. The motion is DENIED with respect to the following numbered requests propounded on Continental Carbon: 1-9, 13, 14, 24, 25, 28-32 and 34.

5. The defendants shall produce Wu and Lee for depositions at a mutually convenient time and location. Subject to extenuating circumstances, such as

---

[1] Requests 16-21 are overly broad. Therefore, the motion is granted with respect to these requests only to the extent that the information sought concerns China Synthetic's efforts, both proposed and actual, to remedy the deposition of carbon black on plaintiffs' property.

[2] Requests 16-21 are overly broad. Therefore, the motion is granted with respect to these requests only to the extent that the information sought concerns China Synthetic's efforts, both proposed and actual, to remedy the deposition of carbon black on plaintiffs' property.

illness, Wu's deposition shall take place within the United States.

DONE this 17th day of May, 2005.

    /s/ Vanzetta Penn McPherson
    VANZETTA PENN MCPHERSON
    UNITED STATES MAGISTRATE JUDGE