IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ACTION MARINE, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 01cv994-MEF |
| | ) | [WO] |
| CONTINENTAL CARBON INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

Pending before the court is the plaintiff's Supplemental Motion For Sanctions, filed on 16 September 2005 (Doc. # 308). The plaintiffs sought sanctions against the defendants' allegedly wrongful withholding of evidence during the trial stage of this proceeding. The fate of the plaintiff's motion is determinable by reference to previous orders of this court and the Court of Appeals. Upon consideration of the courts' rulings, as further set forth herein, the motion is DENIED.

**I.   PROCEDURAL HISTORY AND DISCUSSION**

Action Marine and Continental Carbon are the two primary parties in this highly contested diversity action involving allegations of harm caused by emissions of a substance known as carbon black from a manufacturing facility located in Phenix City, Alabama. The plaintiffs alleged that the defendants were liable for negligence; wantonness; breach of duty to warn; fraud, misrepresentation, and deceit; nuisance; trespass, common law strict liability;

and permanent injunction. This court previously noted that this case has been characterized, inter alia, by "extensive motion practice; and numerous discovery disputes between the parties".[1] It is in the context of the "numerous discovery disputes" that the instant motion arises.

The jury trial in this case was conducted from 11 August 2004 through 25 August 2004 (Doc. # 218), and the court entered final judgment in favor of the plaintiffs on the claims submitted to the jury on 31 January 2005. Costs were taxed against the defendants (Doc. # 241). Of course, the issue of injunctive relief was reserved to the court. On 31 January 2005, toward the end of carefully crafting an injunction "to restrain no more than what is reasonably required to accomplish" the goals of the litigation, the court entered a Memorandum Opinion and Order reopening discovery and expert identification (Doc. # 239).

As a primary result of the post-trial discovery, the issues in the instant motion were initially presented to the court in a plaintiffs' Motion To Supplement the Trial Court Record with Evidence Wrongfully Withheld by Defendants from Pretrial Discovery (Doc. # 293). The plaintiffs alleged the following:

> Between March 28, 1005 and April 6, 2005, the defendants produced 98,839 pages of documents that were both responsive to the plaintiffs' discovery requests in this case and to discovery requests propounded by plaintiffs in a related case filed in the Circuit Court of Russell County, Alabama . . . After reviewing these documents, plaintiffs counsel discovered that a large number of these documents were also responsive to discovered that a large number of these documents were also responsive to

---

[1]Doc. # 175, note 1.

2

> discovery requests that the plaintiffs had propounded to the defendants long before the actual trial of this case. Unfortunately, the defendants had simply chosen not to produce them.

(Doc. # 293, p. 2). The court granted injunctive relief on 5 July 2005 (Doc. # 296), and on 19 August 2005.

In subsequent proceedings, the court conducted a hearing on the plaintiffs' motion to supplement the trial court record on 18 August 2005 (Doc. # 304). The plaintiffs alleged that they had been prejudiced by the defendant's improper withholding of evidence, but when the court inquired of their interest in the predictable cure for the prejudice, i.e., a new trial, plaintiffs' counsel stated:

> No, that would let – a new trial would be – would be the moral equivalent of rewarding the Defendants and their attorneys for being less than candid and forthcoming in the way they handled the case. It would give them a freebee, to let them try to come back and try to recreate and try to get another bite at the apple in trying to defend this case. No, it wouldn't.
>
> Your Honor, we submit that *the proper course to take would be not to let the Defendants benefit on appeal by making arguments as to insufficiency of the evidence, and insufficiency of the record*, when if they would have given us what we should have had, and we could have followed up on the information in these documents, then the record would even be stronger and more replete than it is already.

(Transcript of 8/18/05 Hearing, pp. 87-88) (Emphasis supplied). Thus, the specific sanction requested by the plaintiffs was an order precluding the defendants from arguing on appeal that the record or evidence was insufficient to support the jury's verdict or the court's interim or final judgment.

3

On 19 August 2005, the court the court entered an order denying the plaintiffs' Motion to Supplement the Trial Court Record, and referred the resolution of the request for sanctions to the Magistrate Judge for a ruling (Doc. # 306). Defendants filed their Notices of Appeal on 21 February 2006 (Docs. # 325 and 326), and the Court of Appeals has agreed to review the court's order rendering the jury's verdict final and the court's order denying the defendants' motion for judgment as a matter of law, or, in the alternative, a new trial or remittitur (Doc. # 343).

## II.  CONCLUSION

In view of the proceedings in this case, and particularly in view of this court's sheer inability to grant the specific sanction requested by the plaintiffs, namely, argument preclusion on appeal, it is

ORDERED that the motion for sanctions is DENIED. The court considered and declined, at plaintiffs' insistence and for other reasons, a new trial, at which plaintiffs could readily introduce the evidence that was withheld.[2]  There simply is no means by which the court can grant the plaintiffs' request to "not to let the Defendants benefit on appeal by making arguments as to insufficiency of the evidence, and insufficiency of the record".

DONE this 11th day of October, 2006.

---

[2] The court inquired at the hearing on the motion: "If you were prejudiced then wouldn't the alternative for that prejudice be a new trial?" (TR. At 87).

4

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE